RICHMOND CEDAR WORKS v. V. S. KILBY.

(Decided February 27, 1900.)

*Grant—Mesne Conveyances—Color of Title—Possession— Defective Title—Nonsuit.*

Where the plaintiff claimed under a grant referred to in the complaint and with which his deed corresponded, but his chain of paper title was so indeterminate and inconsistent as to fail to connect his deed with the grant, his deed becomes mere color of title, and to be effective must be accompanied by possession for the definite required time; otherwise, the action fails.

CIVIL ACTION in the nature of trespass on real estate, tried before *Starbuck, J.,* at Fall Term, 1899, of PERQUIMANS Superior Court, upon the following issues:

1. Is plaintiff owner of the lands described in the complaint?

2. Did defendant wrongfully and unlawfully trespass upon the same?

3. What damage has plaintiff sustained?

The plaintiff claimed under the Elias Stallings patent of 640 acres referred to in the complaint, and claimed the whole of it except 100 acres, in the southeast corner, owned by the Only heirs. Owing to discrepancies in the links, adverted to in the opinion, the plaintiff virtually abandoned his chain of title, and relied upon the last two deeds, which covered the land, and upon possession under them. The possession was indefinite as to duration of the Stallings patent.

His Honor ruled that the evidence was insufficient to be submitted to the jury to warrant an affirmative finding upon the issue. The plaintiff excepted, submitted to a judgment of nonsuit, and appealed.

*Messrs. E. F. Aydlett, Pruden & Pruden, Shepherd & Shepherd,* for appellant.

*Mr. L. L. Smith,* for appellee.

MONTGOMERY, J.  This action was brought by the plaintiff against the defendant for the recovery of damages growing out of the alleged cutting and removing of valuable timber from the tract of land described in the complaint, and of which the plaintiff alleges it is the owner and in the possession.  The boundaries of the land are set out in the complaint, and it is further described as "the whole of the Elias Stallings patent of 640 acres, except 100 acres, owned by the heirs of Joel Only, in the southeast corner of the Stallings patent."  It is admitted that the land described in the complaint is embraced in the Stallings patent, and that the cutting of the timber had been done by the defendant on that tract of land.  After the evidence on both sides had been completed, the Court granted the defendant's motion, made in renewal of one which was lodged when the plaintiff had concluded its evidence, to dismiss the complaint, for the reason assigned that the evidence was insufficient to be submitted to the jury to warrant an affirmative finding on the first issue—"Is the plaintiff the owner of the land described in this complaint?"  The plaintiff submitted to a judgment of nonsuit, and appealed.

On the trial the plaintiff introduced the Stallings grant, and, afterwards, numerous successive conveyances, down to the plaintiff, in some of which the plaintiff contended that an undivided interest in common with others, whose names were not mentioned, was conveyed, and in the last two deeds that the whole of the Stallings patent had been conveyed.  If it be admitted, for the argument's sake, that parts of the Stall-

ings patent had been conveyed in the chain of title down to the deed from Jesse Stallings, son of Elias, to Joseph T. Allyn, executed and registered in June, 1833, yet that deed seems to end the claim of the plaintiff that it is entitled to an undivided interest in common with others in the Stallings patent. In that deed, the land conveyed by Jesse Stallings to Allyn is described as allotted shares in the partition of the Stallings patent, and is as follows: "All my right, title, claim and interest in, and to, three certain pieces or parcels of land situated and being on the northeast side of Perquimans River, in the county and State aforesaid, and being lots No. 5, 9 and 10, agreeable to a division of Elias Stallings patent of 640 acres, made by Levi Munden, Thomas Twine, Benjamin White, and Jacob Riddick, the 22d day of November, 1792." The plaintiff claims under the last-mentioned deed, and that deed shows that partition had been made at the time of its execution, and, inferentially, amongst the ten persons named in the residuary clause of the will of Elias Stallings.

The partition of the Stallings patent, as is shown by the deed from Jesse to Allyn, took place in 1792, while every conveyance, whether by will or deed, of any part of the Stallings patent (if such conveyances really embraced any part of the land) bears date subsequent to the partition of the Stallings patent. In the habendum clause of the deed from Jesse to Allyn, the words were added, "Together with all my right, title, claim and interest in and to any other part or portion of said Elias Stallings patent of 640 acres that may be mine by heirship or otherwise;" but these words, if they could have any force in the habendum clause, are without meaning in this case, for the reasons above set forth. These words in the habendum clause furnished the plaintiff's counsel their strongest contention here. They put no reliance

upon that part of the deed which described the land conveyed, as lots Nos. 5, 9 and 10, in the division of the Elias Stallings patent, for on the trial they made no attempt to locate these lots. But the plaintiff, to show that it was the owner of the whole Stallings patent, introduced a deed from Geo. T. Wallace and John S. Wallace to The Richmond Cedar Works (Limited), dated the 3d day of April, 1885, and registered a few days afterwards. In that deed, the grantors, leaving out all former descriptions of the land as set out in the conveyances from Elias Stallings' will down the chain of title first relied on by the plaintiffs to the deed from Brittingham to Wallace, undertook to convey what they called the Stallings patent, and described it as "the Stallings patent *bought of Dr. Perry,* containing about 600 acres." No other description is given. In the deed from the Richmond Works (Limited), to the plaintiff, the land attempted to be conveyed was described as "the Elias Stallings patent for 600 acres *bought of Dr. Perry"* by George T. Wallace, by deed of April 21, 1870. The claim of the plaintiff under the last two deeds is a clear abandonment of the one for an undivided interest in common with others; for it does not rest upon the deeds introduced by the plaintiff made prior to the one from Wallace to the Richmond Cedar Works, but has its support from an alleged purchase and deed from Dr. Perry. The plaintiffs do not, under that claim, connect themselves with the Stallings grant, for there was no attempt to trace the title back from the Wallace deed of 1885 by the introduction as evidence of any deeds for that purpose. If the description in the last two deeds was sufficient to identify any land whatever, it was only color of title for the reason mentioned above; and there was no evidence introduced by the plaintiff tending to show any definite time during which they had been in

CEDAR WORKS *v.* KILBY.

possession of the Stallings patent. The only witness that testified as to the possession of the plaintiff was Richard Only, who said that no one had been in possession of it (the Elias Stallings grant) since he could recollect, other than George T. and John G. Wallace. That was the whole of his testimony.

We think there was no error in the ruling of his Honor in dismissing the complaint.

No error.